UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

CHANEL, INC., a New York corporation,

      Plaintiff,

vs.

M & R DISTRIBUTORS INTERNATIONAL, INC., a
Florida corporation, d/b/a MRDISTRIBUTORS.COM
d/b/a M & R DISTRIBUTORS INT'L

      Defendant.

_____/

## COMPLAINT FOR
## DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Chanel, Inc. ("Chanel"), by its undersigned attorneys, for its Complaint against Defendant M & R Distributors International, Inc., a Florida corporation, d/b/a mrdistributors.com d/b/a M & R Distributors Int'l ("M & R Distributors" or "Defendant") alleges as follows:

### NATURE OF THE ACTION

1.      Defendant is engaged in the sale of fragrance products and located at 1801 NE 149 Street, Miami, Florida 33181. Among the products Defendant sells are such iconic Chanel fragrances as ALLURE and ALLURE HOMME. Defendant is *not* an authorized seller of Chanel fragrances, it does *not* get its products from Chanel, it has *no* relationship with Chanel, and its products are *not* genuine Chanel products authorized for sale. Instead, Defendant is selling non-genuine Chanel fragrances bearing Chanel's trademarks, and using Chanel's iconic name and CC Monogram on its website operating under the

1

domain name "mrdistributors.com" in a manner which would lead consumers to believe that Chanel is one of the Defendant's authorized brands when, in fact, it is not.

2.     Specifically, Defendant is selling unauthorized goods including unboxed and damaged units of Chanel fragrances, often testers that have never been authorized for sale by Chanel, that are sold in plain cardboard cartons often held together by tape and that lack indicia associated with genuine goods, including: (i) safety features such as cellophane wrapping that visually shows consumers that there has been no tampering, (ii) bar codes on the outer box that enable Chanel to track its products and maintain product quality control, (iii) accurate ingredient lists and (iv) the aesthetic features of Chanel's distinctive packaging, features that together create Chanel's overall genuine product and that are material to a consumer's purchasing decision.

3.     Because Defendant is using Chanel's trademarks to advertise and sell goods that are not identical to Chanel's authorized merchandise and that in fact are materially different from genuine CHANEL products, Defendant is violating Chanel's rights.  Defendant's actions further misrepresent Defendant's goods and business and deceive the public.  Accordingly, Chanel asserts claims for federal trademark infringement under § 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false advertising under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B); trademark dilution under 15 U.S.C. § 1125(c), and other substantial and related claims under Florida law.  Plaintiff seeks, *inter alia,* injunctive relief; an accounting and award of Defendant's profits flowing from its infringing activities, which amount should be trebled; statutory damages of up to

$2,000,000.00 per counterfeit mark; prejudgment interest; attorneys' fees; and any other relief the Court deems just and proper.

## PARTIES

4.   Plaintiff, Chanel, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.

5.   Upon information and belief, Defendant M & R Distributors is an active corporation organized under the laws of the State of Florida with its principal place of business located at 1801 NE 149th Street, Miami, Florida 33181 (the "Business Location").  Defendant conducts the complained of activities principally from its Business Location where it sells, *inter alia,* Chanel fragrances that are materially different from authorized Chanel fragrances to various consumers, including those within this District.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over the subject matter of this action pursuant to § 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity between the Parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.   This Court has personal jurisdiction over Defendant because it resides in this State and district and is advertising, promoting, offering for sale, and shipping the unauthorized Chanel fragrances at issue in this litigation from this state and district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant is subject to personal jurisdiction in this district. Defendant resides and transacts business in this district, and a substantial portion of the events at issue have arisen in this district. Also, Chanel is suffering harm in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      Plaintiff's Business

9.      Chanel is a premier manufacturer and seller of a wide variety of luxury goods and a recognized leader in the fragrance and beauty fields.  Among Chanel's iconic fragrances for men and women are ALLURE and ALLURE HOMME. All Chanel fragrances are sold in packaging that prominently features not only the product names but also Plaintiff's iconic, federally-registered CHANEL and CC Monogram trademarks.  Chanel fragrances are among the most popular and best-selling fragrance products in the U.S. Hundreds of millions of dollars of Chanel fragrances have been sold by Chanel.

10.     Chanel fragrances have been distributed in interstate commerce throughout the United States, including in this judicial district, for decades.  Chanel sells its fragrances in its dozens of free-standing boutiques and through thousands of authorized retail locations throughout the United States.

11.     Chanel's fragrances, including those at issue in this dispute, are renowned for their high quality and are identified and distinguished not only by the use of the CHANEL and CC Monogram marks but also by the fragrance names and packaging which are more fully described below.

12.     As a leader in the field of luxury fashion and beauty products, Chanel ensures that all of its products, including Chanel fragrances, are marketed and sold in a manner which

befits and enhances Chanel's reputation. **It** is essential to the marketing of the Chanel fragrances that all genuine products appear in a uniform fashion and that the products are packaged, displayed and sold in appealing packaging that enhances the value of the product and that reflects the hard-earned image and reputation of Chanel as the manufacturer and seller of high-end luxury goods. Indeed, Chanel goes to great lengths and expense to present the Chanel fragrances in an appealing manner. The total packaging, from the bottle to the decorative cap, to the carton, are integral to the product and to the buyer's experience of Chanel's products.

13.     Crucial to the success of the Chanel fragrances is Chanel's ability to guarantee the quality of its products sold under its marks. Chanel maintains strict quality control over its products from the manufacturing to the packaging, to the distribution and retail sales channels.

14.     Many elements of Chanel's overall packaging for all of its fragrance products ensure quality control. For example, the outer box and cellophane wrap assure consumers that the product has not been opened or tampered with. The list of ingredients on the outer box further protects and informs Chanel's consumers. And the bar code on the outer box assists Chanel in monitoring its inventory, recalling defective products and detecting counterfeits.

15.     Chanel also makes sure that its packaging complies with all FDA requirements, by listing, among other required information, name and place of business and the ingredients.

16.     Having expended so much time and expense perfecting its product and packaging, Chanel closely oversees the sales process to ensure that customers shopping for

Chanel products experience those products the way they are meant to be experienced. Toward that end, Chanel authorizes only its own boutiques and those third-party retailers who are specifically approved by Chanel following a careful review process to sell its fragrances. The goal is to ensure a purchasing experience that matches the luxury image of the Chanel brand and that is consistent with Chanel's image.

17.     Chanel undertakes considerable efforts to build and maintain its image for its fragrance products. This is done through the packaging chosen, the sales channels, the consumer experience at retailers and through advertising. Chanel invests significant time, money and effort to advertise and promote its fragrance products, spending millions of dollars a year on such efforts.

18.     All of the foregoing are crucial to maintaining the high quality of Chanel's products and the reputation, success and value of the brand.

19.     In marketing the Chanel fragrances, Chanel provides testers of its products to retail outlets. Testers are a common way for consumers to experience a product and determine if a fragrance is right for him or her. Chanel's testers do not come packaged in the luxury packaging described below. Chanel testers are marked as testers on the carton and on the product. Chanel does not authorize any retailers to whom testers are shipped to sell the product and has never entered into any distribution agreement allowing for the distribution or re-sale of testers. To the extent that any third party sells testers, those testers are obtained unlawfully.

B.     Chanel's Authorized Fragrance Packaging

*Chanel's ALLURE Fragrances for Men and Women*

30.     In as early as 1996, Chanel introduced its ALLURE fragrances, including its ALLURE parfum and eau de toilette. Since the launch of the ALLURE fragrances,

Chanel has sold tens of millions of dollars of its ALLURE fragrances and colognes in the United States.

31.     Authorized bottles of ALLURE perfume are presented in a distinctive outer box and packaging that adds to the experience of the fragrances. Photographs of Chanel's authorized ALLURE products and packaging are attached as Exhibit 1.

32.     In addition to the aesthetic elements shown in Exhibit 1, the packaging also includes safety elements such as (i) a list of the ingredients in the fragrance; (ii) a unique bar code to allow for tracking and quality control; (v) a legend that the product can be sold only by authorized Chanel retailers and (iv) cellophane wrapping, which protects the box and indicates to consumers that the product has not been tampered with.  The actual fragrance bottle is placed in an inner liner that fits within the box.

C.     Chanel's Registered Trademarks

31.     Plaintiff owns numerous federal trademark registrations for marks used in connection with the Chanel fragrances, all of which have been used by Defendant. These marks (collectively the "Chanel Marks") include:

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|------|----------|-------------------|-------|
| ALLURE | 2,025,798 | 12/24/96 | Perfume (parfum), eau de toilette, body lotion, and moisturizer |
| ALLURE | 2,598,290 | 7/23/02 | Fragrance and toiletry products, namely, soap |
| ALLURE HOMME | 2,370,933 | 7/25/00 | Fragrances and toiletries, namely eau de toilette, after shave, skin moisturizer, personal deodorant and shower |

| | | | |
|---|---|---|---|
| | | | gel for cleaning hair and body |
| CC | 1,347,094 | 7/9/85 | Full line of perfumery, cosmetics and toiletries |
| CC | 0,195,359 | 2/24/25 | Face powder, perfume, eau de cologne, toilette water, lipstick and rouge |
| CHANEL | 0,195,360 | 2/24/25 | Face power, perfume, eau de cologne, toilet water, lip stick and rouge |
| CHANEL (stylized) | 0,510,992 | 6/14/49 | Perfume, eau de toilette, eau de cologne, face powder, bath powder, lipsticks |
| CHANEL | 1,348,842 | 7/16/85 | Full line of perfumery, cosmetics and toiletries |

All of the registrations listed are valid, subsisting, and in full force and effect. True and correct copies of printouts from the official database of the United States Patent and Trademark Office showing status and title of the listed registrations are attached as Exhibit 2.

32.     All of the Chanel fragrances identified above are extensively advertised in print media, television media, through store catalogs, through cooperative advertising. Hundreds of millions of dollars have been spent to advertise and promote the Chanel fragrances, which has led to the Chanel fragrances being among the top selling fragrances in their respective categories.

33.     As a result of the extensive advertising of Chanel fragrances under the Chanel Marks, the widespread sale of Chanel fragrances in boutiques and department stores throughout the United States, and the celebrity that Chanel and the Chanel Marks have

achieved, Chanel fragrances are recognized by consumers of all ages and demographics and the trade as originating from a single source, Chanel.

34.     Due to the worldwide public acceptance, overwhelming fame and great recognition of products bearing or sold under each of the different Chanel Marks, each of the Chanel Marks has come to represent an enormous goodwill of Plaintiff and has caused merchandise bearing the marks, even unauthorized goods, to be in great demand. The Chanel Marks are vital to Chanel and represent not only Chanel's products but Chanel's reputation. Chanel will suffer irreparable harm if any third party, including Defendant herein, is allowed to trade off Chanel's reputation and goodwill by selling unauthorized goods bearing the Chanel Marks that are materially different from genuine Chanel products.

35.     Chanel invests significant time, money and effort to maintain the image of the brand and of the Chanel fragrances, spending millions of dollars a year on such efforts. Chanel's efforts are compromised by Defendant's unlawful activities as described herein.

D.     Defendant's Unlawful Conduct

36.     The Defendant identifies itself on its website 'mrdistributors.com" as a "wholesale distributor of name-brand designer fragrances" and uses the iconic Chanel and CC Monogram name and trademarks, as well as the names and trademarks of numerous other unrelated trademark holders, as part of the list of brands the Defendant distributes. A true and correct excerpt from the Defendant's website operating under the domain name "mrdistributors.com" is attached as Exhibit 3.

37.     Among the products Defendant offers for sale and sells are Chanel fragrances. Upon information and belief, the Chanel fragrances offered by Defendant often come unboxed, are in distressed condition and consist largely of testers.  Neither testers nor unboxed or damaged products are authorized for sale by Chanel.  A product list, dated October 7, 2013, provided by the Defendant and identifying the products available for purchase from the Defendant is attached as <u>Exhibit 4</u>.  Photographs of some of the Chanel fragrances recently purchased from Defendant are attached as <u>Exhibit 5.</u>

38.     The Chanel fragrances sold by Defendant are materially different from the genuine product authorized for sale by Chanel.  Among the differences are the lack of Chanel's distinctive outer packaging, list of ingredients, Chanel's bar code and Chanel's protective cellophane wrapper which assures consumers that the product has not been opened or tampered with.

39.     At least some of Defendant's products sold under the Chanel Marks also fail to comply with FDA requirements as they lack an ingredient list in violation of 21 C.F.R. §701.  Thus, improperly and unlawfully labeled products are being distributed by the Defendant under the Chanel Marks.

40.     Another difference found in connection with some of the products sold by Defendant is the lack of Chanel's decorative bottle cap, and the lack of certain Chanel codes that appear on the packaging of genuine products which Chanel would rely upon in the event of a product recall.

41.     Defendant also sells testers of Chanel fragrances which are not authorized for sale by Chanel.

42.     Defendant has misrepresented the source of origin of the Chanel fragrances that it sells.  Chanel has never supplied any products directly to Defendant for purposes of resale.  In addition, Chanel has not authorized any retailer to whom Chanel may ship testers to sell the testers, including unused testers, to consumers or to third parties for purposes of resale, and Chanel is not aware of any authorized retailers seeking the right to distribute testers.  In fact, under Chanel's best practices, retailers may not use testers for any purposes beyond allowing consumers to test the product and retailers may not give away testers, provide testers as a prize or gift, or sell the testers.

43.     Defendant has misrepresented its association with Chanel by its use of the CHANEL trademarks, including by display of the famous CC Monogram on mrdistributors.com.  By making use of Plaintiffs iconic trademarks, Defendant is suggesting that it is somehow affiliated with or authorized by Chanel to sell Chanel fragrances, a false representation.  In fact, Defendant has no relationship with Chanel and has never been authorized by Chanel to sell any of Chanel's products.

44.     The effect of Defendant's conduct as described above is to degrade the appearance of Chanel's fragrances, to damage Chanel's reputation for providing luxury products, to remove information necessary for Chanel to determine the origin of the goods, identify fakes, resolve quality issues and recall defective products, and to prevent consumers from access to basic information, including an accurate list of ingredients.

45.     Upon information and belief, Defendant's actions have damaged and will continue to damage the prestige of the Chanel fragrances and the CHANEL brand in the mind of consumers.  Purchasers or prospective purchasers viewing Defendant's unlicensed, unauthorized and materially different versions of the Chanel fragrances and perceiving a

defect, lack of quality or any other impropriety caused by the materially different packaging are likely to mistakenly attribute these issues to Chanel and to believe that Chanel has authorized the disposition of such products to the public. By causing such a likelihood of confusion, mistake and deception, the Defendant is inflicting irreparable harm to Chanel's goodwill.

46.     Further, by engaging in these activities, Defendant is acting in willful disregard of the laws protecting Chanel's rights in its trademarks, and has confused and deceived, and/or intends to confuse and deceive, the consuming public and the public at large concerning the source and sponsorship of the Chanel fragrances and concerning Defendant's own business relationship with Chanel.

47.     Upon information and belief, Defendant's sale or offering for sale of materially different and altered versions of Chanel fragrances has been and is with express knowledge of Plaintiff's rights and with the deliberate intent to ride on the fame and goodwill of the Chanel Marks and to pass off its unauthorized, non-genuine goods as genuine and authorized Chanel goods.

48.     Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

49.     Defendant's unlawful actions described above commenced many years after Chanel began using the Chanel Marks identified above, many years after the Chanel Marks had achieved worldwide fame, and many years after the Chanel Marks were registered in the United States Patent and Trademark Office. In fact, Defendant's business relies on consumer recognition of the Chanel Marks and on the consumer demand that Chanel has created for the Chanel fragrances sold under the Chanel Marks.

50.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable harm to Chanel's business and goodwill and will harm and continue to harm the public unless permanently restrained by this Court.

51.     Defendant's offering for sale and sale of the non-authorized Chanel fragrances unfairly and unlawfully wrests from Chanel control over its trademarks and reputation.   If Defendant's conduct is not enjoined, it will greatly injure the value of the Chanel Marks to Chanel and the ability of the Chanel Marks to indicate the high quality goods that consumers have come to expect from Chanel.

52.     Chanel has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF:**
**FEDERAL TRADEMARK INFRINGEMENT OF THE CHANEL MARKS IN VIOLATION OF 15 U.S.C. § 1114(1)**

53.     Chanel repeats and re-alleges paragraphs 1 through 52 above as if fully set forth herein.

54.     By selling and distributing fragrances under the Chanel Marks in a manner not authorized by Chanel and without Chanel's outer packaging, accurate ingredient lists, bar codes and the protective cellophane wrapper, Defendant is engaged in the sale of products that materially differ from the Chanel fragrances authorized for sale in the U.S. by Chanel.

55.     The sale of materially different Chanel products by Defendant deprives Chanel of the ability to ensure the quality of products bearing the Chanel Marks, to maintain the prestige associated with the Chanel name and products, and to ensure the consistently high quality of products bearing the Chanel Marks.

56.     Defendant's sales of Chanel fragrances that do not conform to Chanel's standards will diminish the value of the Chanel Marks.

57.     Defendant's distribution, offering for sale, sale and shipment of the Chanel fragrances, which are not genuine and interfere with Chanel's quality control procedures, is likely to cause confusion, or to cause mistake or to deceive Defendant's customers, potential consumers, and/or the public as to the nature of the Chanel fragrances, including but not limited to a mistaken belief that Defendant's products are authorized for sale or have been approved by Chanel or come directly from Chanel.

58.     Defendant's use of Chanel's registered trademarks in connection with the sale of materially different products not authorized by Chanel constitutes trademark infringement of each of Chanel's ALLURE, ALLURE HOMME, CC MONORGRAM, a n d CHANEL marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Further, the use of the registered Chanel Marks by Defendant, for goods not authorized by Chanel, and that are materially different from goods authorized for re-sale, constitutes the use of counterfeit marks.

59.     Defendant's acts are intended to reap the benefit of the goodwill that Chanel has created in its marks and constitute infringement of Chanel's federally-registered trademarks in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

60.     Defendant's conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF: FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)(l)(A)**

61.    Chanel repeats and re-alleges paragraphs 1 through 60 above as if fully set forth herein.

62.    By selling and distributing fragrance products under the Chanel Marks without the distinctive Chanel outer box, without an ingredient list, without Chanel's bar codes and without the protective cellophane wrapper, Defendant is engaging in the sale of products that materially differ from Plaintiff's genuine fragrance products authorized for sale in the U.S. by Chanel.

63.    The sale of materially different Chanel products by Defendant interferes with Chanel's quality control procedures, and deprives Chanel of the ability to ensure the quality of products bearing the Chanel Marks, to maintain the prestige associated with the Chanel name and products, and to ensure the consistently high quality of products bearing the Chanel Marks.

64.    Defendant's unauthorized sale of materially different Chanel products under the Chanel Marks constitutes a false designation of origin and false description with respect to the nature of Defendant's goods, including but not limited to whether the goods are authorized for sale and whether they are lawfully obtained.

65.    Defendant's offering for sale of the Chanel fragrances also falsely suggests to consumers that Defendant is an authorized seller of Chanel fragrances, when it is not, or that it obtained the products lawfully from Chanel when it did not.

66.    Defendant's sale of the Chanel fragrances is likely to cause confusion, mistake, or deceive as to the nature of Defendant's goods and is likely to create the false impression that Defendant is affiliated with Chanel or that the Chanel fragrances are authorized, sponsored, endorsed or guaranteed by Chanel. Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

15

67.     Defendant's conduct has caused and is causing immediate and irreparable injury to Chanel and will continue both to damage Chanel and deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**
**FALSE REPRESENTATION AND FALSE ADVERTISING IN VIOLATION OF 15**
**U.S.C. § 1125(a)(l)(B)**

68.     Chanel repeats and re-alleges paragraphs 1 through 67 above as if fully set forth herein.

69.     By offering for sale Chanel fragrances, and without clearly identifying the source of the Chanel fragrances offered for sale, Defendant by its acts of omission falsely suggests to consumers that it lawfully obtains the products from Chanel when it does not, or that it obtains them from retailers who have the right to resell the testers when in fact Chanel does not authorize the resale of any testers.

70.     By reason of the foregoing, Defendant has misrepresented the nature, characteristics and qualities of its services and commercial activities by suggesting a false association with Chanel.

71.     By the Defendant suggesting a false association with Chanel, Chanel is or is likely to be damaged.

72.     Defendant's acts constitute false representation and false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

73.     Defendant's conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF:**

**FEDERAL DILUTION (15 U.S.C. § 1125(c)(1))**

74.    Chanel repeats and re-alleges paragraphs 1 through 73 above as if fully set forth herein.

75.    The CHANEL Marks are extraordinarily famous and well known throughout the United States, having been used exclusively and extensively by Chanel for decades.  By reason of Chanel's extensive advertising and use, the CHANEL Marks have become highly distinctive of Chanel's goods, and are uniquely associated with Chanel.  The CHANEL Marks were famous long before Defendants imported, offered for sale or sold its infringing products.

76.    Defendant's unauthorized distribution and sale of CHANEL-branded products for goods that do not comply with Chanel's quality control policy, that are not among Chanel's current U.S. product line and/or that are offered for sale in worn or damaged packaging or without packaging, will dilute and tarnish Chanel's reputation and injure the value of the CHANEL Marks to Chanel as indicators of the high quality goods that consumers have come to expect from Chanel, in violation of 15 U.S.C. § 1125(c).

77.    Upon information and belief, Defendants do not own any federal or state trademark registrations for any mark that includes, in whole or in part, any of the CHANEL Marks, and cannot assert any rights in the CHANEL Marks that are prior to Chanel's rights.

78.    Defendants' conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF:**
**UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW OF FLORIDA**

79.    Chanel repeats and re-alleges Paragraphs 1 through 78 above as if fully set forth herein.

80.     By selling and distributing Chanel fragrances under the Chanel Marks in a manner that is materially different from genuine Chanel fragrances authorized for sale by Chanel in the U.S., Defendant is engaged in the sale of infringing and counterfeit goods.

81.     Defendant's sale of materially different Chanel products under the Chanel Marks constitutes a false designation of origin and false description or representation that Defendant's sale of such products is authorized by Chanel.

82.     Defendant's actions described herein constitute unfair competition under the common law of the State of Florida.

83.     Defendant's acts of unfair competition are willful and deliberate and undertaken with the intent to reap the benefit of the goodwill and reputation associated with the Chanel Marks.

84.     Defendant's conduct is causing immediate and irreparable injury to Chanel and to its goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**WHEREFORE,** Plaintiff Chanel, Inc. respectfully demands judgment as follows:

1)  That a permanent injunction be issued enjoining Defendant, any company owned or controlled by Defendant, and the officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns of any such companies, and all those persons in concert or participation with any of them, from:

a.  selling testers or unboxed or other unauthorized versions of any Chanel fragrance products or otherwise selling any Chanel products in any form

other than in the form and manner specifically authorized for resale by Chanel;

b.  using any of the Chanel Marks, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of any of Chanel's trademarks, on or in connection with any advertisement, promotion, offering for sale, sale, or distribution of any Chanel products, unless such use is in connection with genuine Chanel goods of the nature, type and in the form authorized by Chanel for sale in the U.S.;

c.  processing, packaging, importing, transporting, distributing, offering for sale or selling any Chanel-branded products that differ in any material way from genuine Chanel products offered or sold through authorized channels in the U.S.;

d.  processing, packaging, importing, transporting, distributing, advertising, offering for sale or selling any Chanel products that are not intended for sale by Chanel;

e.  processing, packaging, importing, transporting, distributing, advertising, offering for sale or selling any Chanel product that has been defaced, modified, altered or tampered with;

f.  processing, packaging, importing, transporting, distributing, advertising, offering for sale or selling any Chanel product in a form that does not include all information, packaging and material included in and on authorized and genuine Chanel products;

g.  using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that Defendant is associated with Chanel, that Defendant is an authorized retailer of Chanel fragrances, or that Chanel supplies products to Defendant for resale;

h.  transferring, consigning, selling, shipping, or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing marks or trade dress confusingly similar to the Chanel Marks that are not genuine products or that differ in any manner from genuine Chanel products;

i.  using any false or misleading representations of fact, or performing any act, which can, or is likely to, lead members of the trade or public to hold false beliefs concerning the nature, qualities or characteristics of the Chanel-branded products advertised, promoted, offered for sale, sold or distributed by Defendant;

j.  engaging in any other activity constituting unfair competition with Chanel, or constituting an infringement o r  d i l u t i o n  of any of the CHANEL Marks;

k.  disposing, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, promotion,

display, purchase, sale, offer for sale or distribution of any merchandise bearing marks or trade dress confusingly similar to the Chanel Marks that is not a genuine Chanel product or that differs in any manner from genuine Chanel products;

l. diluting or tarnishing any of the CHANEL Marks; and

m. instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (l) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (l) above.

2) Directing that Defendant, at its own expense, immediately deliver up for destruction i t s entire inventory of unauthorized Chanel products or of any goods bearing any of the Chanel Marks that differ materially from authorized goods, and permitting Chanel to destroy such materials without compensation to Defendant.

3) Directing that Defendant make available to Chanel for review, inspection and copying, all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer discs and backup discs) and other documents concerning all transactions relating to the importation, promotion, advertising, display, offering for sale, or sale of any unauthorized goods, including testers of Chanel fragrances or any other product incorporating or bearing any of the Chanel Marks that differ materially from authorized goods, and provide Chanel the names, addresses and all other contact information in their possession, including telephone and fax numbers for (a) the source of such products including all

21

manufacturers, distributors and/or suppliers, and (b) all persons or entities to whom Defendant has sold, distributed or supplied such products.

4) Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that Defendant is affiliated in any way with Chanel.

5) Directing that Defendant file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

6) Awarding Chanel monetary relief, including Defendant's profits, which amount shall be trebled, from its sale of Chanel fragrances pursuant to 15 U.S.C. §1117(a)(b); Chanel's actual damages trebled pursuant to 15 U.S.C. § 1117(a)(b); statutory damages, if Chanel so elects and as the Court considers just, up to $2,000,000.00 per counterfeit mark, which marks include ALLURE, ALLURE HOMME, CHANEL and CC MONOGRAM, per type of goods sold, offered for sale, or distributed, as provided by 15 U.S.C. § 1117(b) & (c); and punitive and/or enhanced damages as provided for under applicable law.

7) Awarding to Chanel its costs and disbursements incurred in this action, including reasonable attorneys' fees and expenses pursuant to 15 U.S.C. § 1117.

8) Awarding to Chanel interest, including pre-judgment interest on the foregoing sums pursuant to 15 U.S.C. § 1117(a).

9) Awarding to Chanel such other and further relief as the Court may deem just and proper.

DATED: June 9, 2014.                    Respectfully submitted,

                                        STEPHEN M. GAFFIGAN, P.A.

                              By: _____*s:/Stephen M. Gaffigan*_____
                                        Stephen M. Gaffigan (Fla. Bar No. 025844)
                                        401East Las Olas Blvd., #130-453
                                        Ft. Lauderdale, Florida 33301
                                        Telephone: (954) 767-4819
                                        Facsimile: (954) 767-4821
                                        E-mail: stephen@smgpa.net

                                        Attorneys for Plaintiff CHANEL, INC.